LARRY D. MARVEL, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 345, 2008.
Supreme Court of Delaware.
Submitted: July 29, 2008.
Decided: September 10, 2008.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 10th day of September 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Larry D. Marvel, filed an appeal from the Superior Court's June 25, 2008 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.[1]
(2) In 1990, Marvel was convicted of Unlawful Sexual Intercourse in the Second Degree and was sentenced to 20 years in prison. His conviction and sentence were affirmed by this Court on direct appeal.[2] In May 2006, Marvel was found guilty by a Superior Court jury of Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree[3] in connection with a plan he concocted with fellow inmate James Hollis to permanently cripple the victim of his crime. After Hollis contacted the authorities about the plan, Marvel was charged and went to trial. He was sentenced as a habitual offender to life in prison. Marvel's convictions and sentences were affirmed by this Court on direct appeal.[4]
(3) In this appeal, Marvel claims that the Superior Court abused its discretion when it denied his postconviction motion on procedural grounds because he can demonstrate that his constitutional rights were violated. Specifically, Marvel contends that a) his indictment was defective because it failed to precisely identify the time of the criminal solicitation or identify any specific act of criminal solicitation; b) his First Amendment rights were violated because his letters to Hollis following Hollis' release from prison did not contain any explicit plans to harm the victim; and c) there was insufficient evidence presented at trial to support his conviction of criminal solicitation. To the extent that Marvel fails to raise claims in this appeal that previously were raised, those claims are deemed to be waived and will not be addressed by this Court.[5]
(4) When reviewing a Rule 61 motion, the Superior Court must first consider the procedural requirements of the Rule before addressing any substantive claims.[6] Because Marvel did not present his claims in the first instance either at trial or in his direct appeal, they are procedurally defaulted unless he can demonstrate cause for relief for the default and resulting prejudice[7] or a colorable claim of a miscarriage of justice due to a constitutional violation.[8]
(5) Marvel first claims that his indictment was defective because it failed to precisely identify the time of the criminal solicitation or identify any specific act of criminal solicitation. The record reflects that the indictment charged Marvel with criminal solicitation during the period "January 1, 2002 through October 18, 2005," encompassing the time Marvel and Hollis were in prison together and the time after Hollis' release when he received letters from Marvel, and ending with the date of Marvel's arrest. The indictment further stated that Marvel "did solicit, request, or otherwise attempt to cause James Hollis to engage in conduct which would constitute the felony of Assault First Degree, to-wit: he did solicit James Hollis to cause physical injury to [the victim] by shooting or stabbing her."
(6) Superior Court Criminal Rule 7(c) provides that an indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Moreover, an indictment serves two functionsfirst, it must put the accused on full notice of what he must defend against and, second, it must preclude a subsequent prosecution for the same offense.[9] In the absence of any evidence that the language of the indictment failed to put Marvel on full notice of the charges against him or failed to preclude a subsequent prosecution for the same offense, we conclude that there was no violation of his constitutional rights. As such, the Superior Court properly denied Marvel's claim as procedurally defaulted.
(7) Marvel's next claim is that his First Amendment rights were violated because the letters he wrote to Hollis after Hollis' release from prison did not contain any explicit plans to harm the victim. The record reflects that Hollis testified at trial that the letters he received from Marvel, which were written in "code," discussed the plans for Hollis to seriously and permanently disable the victim. There is no indication that this evidence was improperly put before the jury or that Marvel's free speech rights were violated in any respect. In the absence of any evidence of a violation of Marvel's constitutional rights, we conclude that the Superior Court also properly denied this claim as procedurally defaulted.
(8) Marvel's third, and final, claim is that there was insufficient evidence presented at trial to support his conviction of criminal solicitation. The record reflects that Hollis testified about Marvel's plan to have Hollis permanently cripple the victim and the coded letters sent to him after his release from prison. Marvel's attorney had the opportunity to cross-examine Hollis. The jury chose to believe Hollis' version of events, which, as the sole arbiter of the credibility of witnesses, it was within their discretion to do.[10] In the absence of any evidence of a violation of Marvel's constitutional rights, we conclude that the Superior Court also properly denied this claim as procedurally defaulted.
(9) It is manifest on the face of Marvel's opening brief that his appeal is without merit because the issues raised on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Marvel sent three letters informing the Court that the State's motion to affirm pursuant to Supreme Court Rule 25(a) was untimely. Even assuming the motion was untimely, we affirm the Superior Court's judgment sua sponte in accordance with Supreme Court Rule 25(b).
[2] Marvel v. State, Del. Supr., No. 106, 1990, Walsh, J. (Jan. 25, 1991).
[3] The jury found him not guilty of Attempted Assault in the First Degree.
[4] Marvel v. State, Del. Supr., No. 548, 2006, Berger, J. (Sept. 18, 2007).
[5] Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). In his postconviction motion filed in the Superior Court, Marvel also claimed that there was insufficient evidence presented at trial to support his conviction of conspiracy and that his counsel provided ineffective assistance.
[6] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[7] Super. Ct. Crim. R. 61(i) (3) (A) and (B).
[8] Super. Ct. Crim. R. 61(i) (5).
[9] Malloy v. State, 462 A.2d 1088, 1092 (Del. 1983).
[10] Pryor v. State, 453 A.2d 98, 100 (Del. 1982).