LARRY D. MARVEL, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff BelowA-ppellee.
No. 330, 2009.
Supreme Court of Delaware.
Submitted: July 2, 2009.
Decided: July 21, 2009.
Before HOLLAND, JACOBS and RIDGELY, Justices

ORDER
RANDY J. HOLLAND, Justice
This 21st day of July 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Larry D. Marvel, filed an appeal from the Superior Court's May 19, 2009 order denying his motion to correct an illegal sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.[2]
(2) In May 2006, Marvel was found guilty by a Superior Court jury of Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree. He was sentenced as a habitual offender to life imprisonment for the criminal solicitation conviction[3] and to an additional two years at Level V for the conspiracy conviction. On direct appeal, this Court affirmed Marvel's convictions and sentences.[4]
(3) In this appeal, Marvel claims that his sentence for criminal solicitation is illegal under Rule 35(a). As the basis for his claim, Marvel alleges that the State's motion to declare him a habitual offender was insufficient either to identify the predicate felonies or to identify him as the person convicted of those predicate felonies.
(4) Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily-authorized limits or violates double jeopardy.[5] A sentence also is illegal when it is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6] The narrow function of Rule 35(a) is to correct an illegal sentence, not to re-examine alleged errors occurring prior to the imposition of sentence.[7]
(5) Because Marvel alleges error only with respect to the habitual offender proceedings, which occurred prior to the imposition of sentence, he is not entitled to relief under Rule 35(a).[8] Moreover, Marvel's claim, which is, in essence, a claim that his sentence was imposed in an illegal manner, is time-barred under Rule 35(b).[9] Even if viewed on the merits, Marvel's claim is unavailing, since, at the habitual offender hearing, he admitted to being convicted of at least three of the felonies for which he now claims the State presented inadequate proof.[10] For all of the above reasons, we conclude that the Superior Court's denial of Marvel's Rule 35 motion must be affirmed.
(6) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Although it appears, as Marvel points out, that the State's motion to affirm is untimely, we, nevertheless, affirm the Superior Court's judgment sua sponte in accordance with Rule 25(b). Leonard v. Fireman's Fund Ins. Co., Del. Supr., No. 502, 1996, Berger, J. (Feb. 19, 1997).
[3] Del. Code Ann. tit. 11, § 4214(a).
[4] Marvel v. State, Del. Supr., No. 548, 2006, Berger, J. (Sept. 18, 2007).
[5] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[6] Id.
[7] Id.
[8] Smith v. State, Del. Supr., No. 181, 2009, Jacobs, J. (June 19, 2009).
[9] Id.
[10] Somerville v. State, 703 A.2d 629, 632 (Del. 1997).