IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CORY D. WASHINGTON, | § | |
| | § | |
| Defendant Below- | § | No. 152, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 0808021606 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 7, 2014
Decided: August 26, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## ORDER

This 26th day of August 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm,[1] and the record below, it appears to the Court that:

(1) The appellant, Cory D. Washington, filed this appeal from the Superior Court's summary dismissal of his second motion for postconviction relief and denial of his motion for appointment of counsel. The State has filed a motion

---

[1] The State of Delaware acknowledges that the motion to affirm was filed more than ten days after the June 13, 2014 date on the certificate of service with the opening brief, but indicates that the State did not receive the opening brief until June 27, 2014. It appears that the Prothonotary's Office received the brief on June 17, 2014 and later forwarded it to this Court, leading to the docketing of the opening brief in this appeal on June 27, 2014. To the extent the motion to affirm is untimely, this Court may affirm the trial court's judgment *sua sponte* in accordance with Supreme Court Rule 25(b). *Marvel v. State*, 2009 WL 2158107, at *1 (Del. July 21, 2009).

to affirm the judgment below on the ground that it is manifest on the face of Washington's opening brief that his appeal is without merit.[2] We agree and affirm.

(2)  In February 2009, a Superior Court jury found Washington guilty of Possession with Intent to Deliver Heroin, Delivery of Heroin, and Loitering. During the trial, Washington moved for judgment of acquittal on the delivery and loitering charges. After the trial, Washington filed a motion for judgment of acquittal on the delivery charge. The Superior Court denied the motion as untimely. Washington was sentenced to a total of ten years of Level V incarceration, followed by six months of Level IV supervision, and a fine of $300.

(3)  On direct appeal, this Court assumed without deciding that Washington's motion for judgment of acquittal was timely and concluded that there was sufficient evidence to prove Delivery of Heroin.[3]

(4)  Washington filed his first motion for postconviction relief on January 10, 2011. In this motion, Washington claimed that the Superior Court erred in failing to poll the jury after its verdict, the trial judge was biased in denying the motion for judgment of acquittal as untimely and should have recused himself, and Washington should not have been charged with loitering because that charge did not appear in the police report or affidavit of probable cause. Washington did not

---

[2] Supr. Ct. R. 25(a).

[3] *Washington v. State*, 2009 WL 3823211, at *2-3 (Del. Nov. 16, 2009).

raise any ineffective assistance of counsel claims. The Superior Court referred the motion to a commissioner for a report and recommendation. The commissioner concluded that Washington's postconviction motion was procedurally barred under Superior Court Criminal Rule 61 ("Rule 61") and without merit. The commissioner recommended denial of the motion. The Superior Court accepted the commissioner's recommendation and denied the motion. Washington did not appeal the denial of his first postconviction motion.

(5) On November 19, 2013, Washington filed a motion for appointment of counsel and his second motion for postconviction relief. Washington argued that appointment of counsel was necessary because he was raising ineffective assistance of counsel claims for the first time, the importance of counsel under such circumstances was recognized in *Martinez v. Ryan*[4] and *Holmes v. State*,[5] and he could not properly present ineffective assistance of counsel claims without the assistance of competent counsel. In his second postconviction motion, Washington claimed that his counsel was ineffective because he: (i) failed to conduct a meaningful investigation; (ii) failed to challenge the indictment based upon the lack of drugs in the purchaser's possession and the lack of drugs or marked money in Washington's physical possession; (iii) did not file a motion to suppress the

---

[4] ---U.S.---, 132 S. Ct. 1309, 182 L.E.2d 272 (2012).

[5] 2013 WL 2297072 (Del. May 23, 2013).

3

testimony of the purchaser; (iv) failed to explore why the police did not obtain and test the residue of a white substance on the purchaser's face; (v) did not argue that the purchaser could have obtained the drugs from somebody other than Washington; (vi) filed an untimely motion for judgment of acquittal; (vii) failed to offer evidence that drugs and marked money were not found in Washington's physical possession; (viii) failed to request polling of the jury; and (ix) did not challenge the loitering charge.

(6) The Superior Court denied Washington's motion for appointment of counsel because he had previously filed a motion for postconviction relief. The trial court also denied Washington's second postconviction motion on the grounds that it was procedurally barred by Rule 61(i)(1), 61(i)(2), and 61(i)(3). This appeal followed.

(7) In his opening brief, Washington primarily argues that the trial court erred in denying his motion for appointment of counsel. Relying on *Martinez* and the amendment of Rule 61(e)(1) in 2013, Washington claims he had a right to counsel because he raised ineffective assistance of counsel claims for the first time in his second motion for postconviction relief. Washington's reliance on *Martinez* and the amendment of Rule 61(e)(1) is misplaced. In *Martinez*, the United States Supreme Court held that where claims of ineffective assistance of trial counsel must be raised in an initial collateral proceeding under state law, a procedural

4

default will not bar a federal court from hearing a substantial ineffective assistance of counsel claim if there was no counsel in the initial state collateral proceeding or counsel in that proceeding was ineffective.[6] The United States Supreme Court did not hold that criminal defendants who do not raise ineffective assistance of counsel claims in their first postconviction proceedings have a right to counsel when they raise ineffective assistance of counsel claims in subsequent motions for postconviction relief. With respect to Rule 61(e)(1), the version in effect at the time of Washington's second postconviction motion provided that the Superior Court would appoint counsel in an indigent defendant's first postconviction proceedings.[7] This was Washington's second postconviction motion, not his first. Therefore, he was not automatically entitled to appointment of counsel under Rule 61(e)(1). To the extent Washington argues that counsel should have been appointed because he did not have the assistance of counsel with his first postconviction motion, Rule 61(e)(1) is not retroactive.[8] Thus, Washington has not shown that the Superior Court was required to appoint counsel for him in his second postconviction proceedings.

---

[6] *Martinez*, 132 S. Ct. at 1320.

[7] Super. Ct. Crim. R. 61(e)(1) (2013).

[8] *Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013).

(8)    The Superior Court did not abuse its discretion in denying Washington's motion for appointment of counsel.  Under the version of Rule 61(e)(1) in effect at the time Washington filed his second postconviction motion, the Superior Court could appoint counsel in a second or subsequent postconviction proceeding "in the exercise of discretion and for good cause shown."[9] Washington's untimely and speculative ineffective assistance of counsel claims did not establish good cause for appointment of counsel.  To prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[10]  A defendant who fails to set forth and substantiate concrete allegations of actual prejudice risks summary dismissal of his ineffective assistance claims.[11]   Washington did not offer any concrete allegations of actual prejudice as a result of his counsel's alleged errors. In addition, the jury polling and loitering ineffective assistance of counsel claims were simply restated versions of prior postconviction claims rejected by the trial

---

[9] Super. Ct. R. 61(e)(1)(2013).

[10] *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984).

[11] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990); *Chattin v. State*, 2012 WL 5844886, at *2 (Del. Nov. 16, 2012).

court.[12] Under these circumstances, Washington did not establish good cause for appointment of counsel and the Superior Court did not err in denying Washington's motion for appointment of counsel.

(9) Although his opening brief primarily focuses on his lack of counsel in the proceedings below, Washington also makes conclusory statements that his ineffective assistance of counsel claims were not reviewed and that this lack of review was "a miscarriage of justice."[13] Assuming Washington is complaining that the Superior Court did not review the merits of Washington's ineffective assistance of counsel claims, the Superior Court first had to apply the procedural bars of Rule 61(i).[14] The Superior Court was only required to consider the merits of the claims if it found that the claims were not procedurally barred under Rule 61(i).[15] The Superior Court concluded Washington's claims were barred by Rules 61(i)(1), 61(i)(2), and 61(i)(3) and did not reach the merits of Washington's claims. If Washington had raised his ineffective assistance of counsel claims in a timely first postconviction motion, then the Superior Court would have addressed the merits of

---

[12] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990) (recognizing courts are not required to reconsider previously rejected claims that have been refined or restated), *abrogated on other grounds by Morgan v. Illinois*, 504 U.S. 719 (1992).

[13] Opening Brief at 2.

[14] *Younger v. State*, 580 A.2d 552 at 554.

[15] *Id.*

those claims. Washington, however, did not raise his ineffective assistance of counsel claims until his second postconviction motion, filed more than a year after his conviction became final.

(10) If the reference to a "miscarriage of justice"[16] is an attempt by Washington to argue that his ineffective assistance of counsel claims are not procedurally barred because he stated a colorable claim of a miscarriage of justice under Rule 61(i)(5), he did not offer any arguments in support of such a claim in his opening brief. An appellant must state the merits of an argument in his opening brief or that argument will be waived.[17] Washington failed to present the merits of an argument that his ineffective assistance of counsel claims stated a colorable claim under Rule 61(i)(5) in his opening brief and therefore waived that claim.[18]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[16] Opening Brief at 2.

[17] Del. Supr. Ct. R. 14(b)(vi)(A)(3).

[18] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).