IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN W. KRAFCHICK, | § | |
| | § | |
| Defendant Below– | § | No. 268, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 0101010946 |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted: July 18, 2014
Decided: August 28, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## ORDER

This 28th day of August 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Steven W. Krafchick, filed this appeal from the Superior Court's denial of his third motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Krafchick's opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a). The State acknowledges that the motion to affirm was filed more than ten days after the June 30, 2014 date on the certificate of service with the opening brief, but indicates

(2) The record reflects that, in 2001, Krafchick was indicted for Murder in the First Degree and other offenses arising out of the stabbing death of his wife. Trial began on February 5, 2002. On February 13, 2002, Krafchick accepted a guilty plea for Murder in the Second Degree and Possession of a Deadly Weapon During Commission of a Felony. In presenting the plea agreement to the Superior Court, Krafchick's counsel stated that the defense had requested the plea several weeks earlier, the State offered the plea that morning, and Krafchick had discussed the plea with his counsel. Krafchick stated under oath that he had fully discussed the plea agreement with his counsel. After accepting Krafchick's guilty plea, the Superior Court immediately sentenced Krafchick to forty years of Level 5 incarceration, followed by probation.

(3) Krafchick filed a direct appeal to this Court, which remanded the matter for the Superior Court to set forth its reasons for imposing a sentence that exceeded Delaware Sentencing Accountability Commission Guidelines. The Superior Court set forth its reasons for the sentence and this Court affirmed the Superior Court's judgment on May 8, 2003.[2]

---

that the State did not receive the opening brief until July 8, 2014. This Court received and docketed the opening brief in this appeal on July 8, 2014. To the extent the motion to affirm is untimely, this Court may affirm the trial court's judgment *sua sponte* in accordance with Supreme Court Rule 25(b). *Marvel v. State*, 2009 WL 2158107, at *1 n.2 (Del. July 21, 2009).

[2] *Krafchick v. State*, 2003 WL 21054791 (Del. May 8, 2003).

(4)    Krafchick filed his first motion for postconviction relief on May 7, 2004 and amended that motion on July 2, 2004. Krafchick raised ineffective assistance of counsel claims, including a claim that the ineffectiveness of his counsel made it impossible for him to have time to consider and understand the plea offer he accepted. In the affidavit submitted in response to the motion, Krafchick's counsel stated that the State offered the plea the day before it was entered. The State's opposition to Krafchick's postconviction motion indicated that the State recalled offering the plea the day before it was entered. In his reply to the State's opposition, Krafchick pointed out the discrepancy between the plea/sentencing hearing, at which Krafchick's counsel indicated that the plea was offered that morning, and the affidavit of Krafchick's counsel, which stated that the plea was offered the day before the plea/sentencing hearing. The Superior Court considered the merits of Krafchick's ineffective assistance of counsel claims, concluded that he had not met the *Strickland v. Washington*[3] standard, and denied his motion for postconviction relief.[4] This Court affirmed the Superior Court's judgment.[5]

_____

[3] 466 U.S. 668 (1984).

[4] *State v. Krafchick*, 2005 WL 697940, at *5 (Del. Super. Mar. 8, 2005).

[5] *Krafchick v. State*, 2006 WL 141044 (Del. Jan. 17, 2006).

3

(5) On March 22, 2006, Krafchick filed his second motion for postconviction relief. The Superior Court found that Krafchick's claims were procedurally barred under Superior Court Criminal Rule 61 ("Rule 61") and that Krafchick had not overcome the procedural hurdles. This Court affirmed the judgment of the Superior Court.[6] On August 10, 2010, the United States District Court for the District of Delaware denied Krafchick's petition for a writ of *habeas corpus*.[7]

(6) On August 28, 2013, Krafchick filed a motion for appointment of counsel and his third motion for postconviction relief. Krafchick claimed he overcame the Rule 61 procedural bars because he was denied counsel in his first postconviction proceedings and had raised a colorable claim of ineffective assistance of counsel in those proceedings. The Superior Court denied Krafchick's motion for appointment of counsel on December 13, 2013. On May 1, 2014, the Superior Court found Krafchick's claims were procedurally barred and that Krafchick had not overcome the procedural hurdles. This appeal followed.

---

[6] *Krafchick v. State*, 2007 WL 2010840 (Del. Apr. 26, 2007).

[7] *Krafchick v. Phelps*, 2010 WL 3169366 (D. Del. Aug. 10, 2010).

(7)    We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[8] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[9]

(8)    On appeal, Krafchick's claims may be summarized as follows: (i) the Superior Court abused its discretion by failing to hold an evidentiary hearing on the differences between his counsel's statements at the 2002 plea/sentencing hearing and in his 2004 affidavit regarding the timing of the plea offer; (ii) his ineffective assistance of counsel claims should be reviewed in the interest of justice or because there was a miscarriage of justice due to his trial counsel committing perjury in his 2004 affidavit; and (iii) the Superior Court should have appointed counsel to assist him with his ineffective assistance of counsel claim based on the plea bargaining process. Claims that Krafchick raised below, but failed to argue in his opening brief are waived.[10]

(9)    Krafchick claims the Superior Court erred in failing to hold an evidentiary hearing, but he did not file a motion for an evidentiary hearing or ask

---

[8] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[10] Del. Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

the Superior Court to hold an evidentiary hearing in his third postconviction motion. Thus, this claim is not properly before the Court.[11]

(10) Krafchick's ineffective assistance of counsel claims are time-barred,[12] repetitive,[13] and formerly adjudicated under Rule 61(i)(4).[14] He has not shown that review of his claims is warranted in the interest of justice under Rule 61(i)(2)[15] or Rule 61(i)(4)[16] or because there was a miscarriage of justice under Rule 61(i)(5).[17] Regardless of whether the plea offer was received on February 13, 2002 as stated at the plea/sentencing hearing or the day before as indicated in his counsel's 2004 affidavit, Krafchick stated, under oath, at the plea/sentencing hearing that he did not have any questions regarding the plea agreement, he was entering a guilty plea of his own free will, and he had fully discussed the matter with his counsel.

---

[11] Supr. Ct. R. 8.

[12] Super. Ct. Crim. R. 61(i)(1) (barring motion filed more than three years after judgment of conviction is final) (amended in 2005 to reduce filing period to one year).

[13] Super. Ct. Crim. R. 61(i)(2) (barring any ground for relief not asserted in prior postconviction proceeding).

[14] Super. Ct. Crim. R. 61(i)(4) (barring any ground for relief formerly adjudicated).

[15] Super Ct. Crim. R. 61(i)(2) (providing that claim not previously raised can be reviewed in interest of justice).

[16] Super Ct. Crim. R. 61(i)(4) (providing that formerly adjudicated claim can be reviewed in interest of justice).

[17] Super. Ct. Crim. R. 61(i)(5) (providing that barred claims can be reviewed if there is colorable claim of miscarriage of justice due to constitutional violation that undermined fairness of proceedings).

Absent clear and convincing evidence to the contrary, Krafchick is bound by those statements.[18] Krafchick does not dispute that his counsel had sought a plea offer for weeks or that he discussed the plea offer with his counsel. Krafchick points out that his counsel was suspended in 2008 for misconduct in two other cases, but that does not establish that his counsel was ineffective in the 2002 plea bargaining process. Thus, the Superior Court did not err in finding Krafchick had failed to overcome the procedural bars of Rule 61(i) and in denying Krafchick's third motion for postconviction relief.

(11) Finally, Krafchick has not shown he is entitled to appointment of counsel. Krafchick relies on his ineffective assistance of counsel claims and his counsel's alleged perjury to support his request for counsel. As discussed above, Krafchick's ineffective assistance of counsel claims are procedurally barred under Rule 61(i) and he has not established that review of those claims is warranted in the interest of justice or due to a miscarriage of justice. Under these circumstances, Krafchick is not entitled to appointment of counsel.

---

[18] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice