IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DALE JABBAR BOWEN, | § | |
| | § | |
| Defendant Below, | § | No. 81, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0410015936 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 5, 2018
Decided: May 10, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 10th day of May 2018, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Dale Jabbar Bowen, filed this appeal from the Superior Court's denial of his motion for sentence correction.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Bowen's opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that, on October 13, 2005, a Superior Court jury found Bowen guilty of multiple crimes including Robbery in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF").  On October 24, 2005, the State filed a motion to declare Bowen a habitual offender

under 11 *Del. C.* § 4214(a). The State identified the following convictions in support of the motion: (i) Distribution of Cocaine, committed in Virginia in August 1998; (ii) Attempted Obtaining Money by False Pretenses, committed in Virginia in October 1999; (iii) Receiving Stolen Property, committed in Delaware in January 2002 and two counts of Theft, committed in Delaware in April 2002; (iv) Robbery in the Second Degree, committed in Delaware in August 2002. At the habitual offender hearing on December 2, 2005, Bowen's counsel stated that there was no good faith basis to challenge the motion. The Superior Court declared Bowen a habitual offender and sentenced him to fifty-six years of Level V incarceration (which included fifty years as a habitual offender), suspended after fifty-four years for two years of Level II probation. This Court affirmed the Superior Court's judgment on direct appeal.[1]

(3) On June 21, 2017, Bowen filed a motion for sentence correction. Bowen argued that the State's motion to declare him a habitual offender was incorrect because the conduct underlying his Virginia felony conviction for Obtaining Money by False Pretense did not constitute a felony under Delaware law and therefore his habitual offender sentences for Robbery in the First Degree and PDWDCF should be vacated. The State opposed the motion. The Superior Court denied the motion, concluding that the State had proven the existence of three

---

[1] *Bowen v. State*, 2006 WL 2073058 (Del. July 24, 2006).

2

predicate convictions and that the inclusion of a non-qualifying conviction did not invalidate the Superior Court's approval of the motion to declare Bowen a habitual offender. This appeal followed.

(4) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] As he did below, Bowen argues that the State's motion to declare him a habitual offender was erroneous because it included his Virginia conviction for Obtaining Money by False Pretense, which did not qualify as a predicate offense under § 4214(a). Bowen also argues that the non-suspended fifty-four year Level V sentence for his crimes, including the two convictions for which he was sentenced as a habitual offender, exceeds the forty-five year term for a life sentence under § 4214(a). Bowen did not raise this claim below and we will not consider it for the first time on appeal.[4]

(5) Bowen's argument that the State's habitual offender motion was erroneous is a claim that his sentence was imposed in an illegal manner.[5] Absent extraordinary circumstances or an application by the Department of Correction

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] Supr. Ct. R. 8. We note that this claim depends upon a misinterpretation of *Crosby v. State*, 824 A.2d 894 (Del. 2003) and *Evans v. State*, 872 A.2d 539 (Del. 2005).
[5] *See, e.g.*, *Marvel v. State*, 2009 WL 2158107, at *1 (Del. July 21, 2009) (appellant's claim that State's habitual offender motion was insufficient to identify the predicate felonies or identify appellant was a claim that the sentence was imposed in an illegal manner).

under 11 *Del. C.* § 4217, the Superior Court will not consider a motion for correction of a sentence imposed in an illegal manner filed more than ninety days after imposition of the sentence.[6]  Bowen filed his motion for sentence correction more than ninety days after the imposition of his sentence.  The Department of Correction has not filed an application under 11 *Del. C.* § 4217.

(6)    Bowen has not shown any extraordinary circumstances warranting consideration of his untimely motion for sentence correction.  Bowen did not oppose the State's habitual offender petition in 2005 and he does not dispute that he was convicted of three predicate offenses under § 4214(a).  We affirm the Superior Court's denial of Bowen's motion for sentence correction on the independent and alternative ground that it was time-barred under Superior Court Criminal Rule 35(b).[7]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[6] Super. Ct. Crim. R. 35(a), (b).
[7] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).