IN THE SUPREME COURT OF THE STATE OF DELAWARE

LARRY MARVEL, §
§ No. 55, 2019
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 0510007925
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: February 28, 2019
Decided: April 2, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Larry D. Marvel, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest in the face of Marvel's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2006, a Superior Court jury found Marvel guilty of Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree. The Superior Court granted the State's petition to declare Marvel a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court sentenced Marvel as follows: (i) for

Criminal Solicitation in the Second Degree, as a habitual offender under § 4214(a), to life imprisonment; and (ii) for Conspiracy in the Second Degree, to two years of Level V incarceration. The Supreme Court affirmed Marvel's convictions on direct appeal in 2007.[1] Since then, Marvel has filed multiple motions for postconviction relief or for correction or modification of his sentence, including one in which he argued that his sentences violated double jeopardy principles.[2]

(3) In October 2018, Marvel filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). Marvel again argued that his sentences for Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree violate double jeopardy principles. The Superior Court denied Marvel's motion for correction of sentence on the basis that the issues set forth in his motion had already been litigated and decided. This appeal followed.

(4) We review the denial of a motion for correction of sentence for abuse of discretion.[3] To the extent the claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double

---

[1] *Marvel v. State*, 2007 WL 2713271 (Del. Sept. 18, 2007).
[2] *See Marvel v. State*, 2018 WL 2437235 (Del. May 30, 2018) (affirming the Superior Court's denial of Marvel's motion for correction of illegal sentence because Marvel's sentences did not violate double jeopardy). *See also, e.g.*, *Marvel v. State*, 2014 WL 2949362 (Del. June 26, 2014) (affirming the Superior Court's denial of Marvel's fourth motion for postconviction relief); *Marvel v. State*, 2010 WL 3636193 (Del. Sept. 20, 2010) (affirming the Superior Court's denial of Marvel's motion for correction of illegal sentence); *Marvel v. State*, 2008 WL 4151830 (Del. Sept. 10, 2008) (affirming the Superior Court's denial of Marvel's first motion for postconviction relief).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*

jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]  As he did below, Marvel argues that his sentences for Criminal Solicitation and Conspiracy in the Second Degree violate double jeopardy.

(5)  The Superior Court did not err in denying Marvel's motion for correction of sentence.  As the Superior Court recognized, Marvel's arguments have already been considered, and the Superior Court and this Court have held that his sentences do not violate double jeopardy.  Marvel contends that he is arguing for the first time that 11 *Del. C.* § 206(b)(3) prohibits his being sentenced for both Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree.[6]  But in fact, he previously argued that Section 206(b)(3) barred his sentences for both offenses.[7]  Section 206 "is essentially Delaware's codification of the test laid out by the United States Supreme Court in *Blockburger v. United States* to determine whether two offenses are the same for double jeopardy purposes."[8]  The Superior

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] 11 *Del. C.* § 206(b)(3) provides that an offense is a lesser-included offense of another if "[it] involves the same result but differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission."

[7] *See Marvel v. State*, No. 121, 2018, Docket Entry No. 11, at 17-18 (filed Apr. 4, 2018).

[8] *Mills v. State*, 2019 WL 179177, at *3 (Del. Jan. 14, 2019) (citing *Blockburger*, 284 U.S. 299 (1932)).

3

Court and this Court have already determined that Marvel's sentences do not violate double jeopardy.[9]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[9] *See Brittingham*, 705 A.2d at 579 ("The 'law of the case' doctrine bars relitigation, under Rule 35(a), of an 'illegal sentence' where that issue has been previously decided by this Court.").