IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LARRY D. MARVEL, | § | |
| | § | No. 373, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0510007925 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 11, 2021
Decided: February 15, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Larry D. Marvel, filed this appeal from the Superior Court's denial of his motion to dismiss the indictment. The State has moved to affirm the judgment below on the ground that it is manifest in the face of Marvel's opening brief that his appeal is without merit. Even if the motion to affirm was

untimely as Marvel contends,[1] the Court concludes that affirmance *sua sponte* is appropriate under Supreme Court Rule 25(c).

(2) On May 4, 2006, a Superior Court jury found Marvel guilty of second-degree criminal solicitation and second-degree conspiracy. The Superior Court sentenced Marvel as follows: (i) for second-degree criminal solicitation, as an habitual offender under 11 *Del. C.* § 4214(a), life imprisonment; and (ii) for second-degree conspiracy, two years of Level V incarceration. The Supreme Court affirmed Marvel's convictions on direct appeal in 2007.[2]

(3) On September 2, 2020, Marvel filed a motion to dismiss the indictment under Superior Court Criminal Rule 12(b)(2). Marvel argued that the indictment was defective because it failed to plead the essential elements of second-degree criminal solicitation. The Superior Court denied the motion, finding that Superior Court Rule 12 applied to pretrial motions and that the Superior Court and this Court had previously rejected Marvel's arguments. This appeal followed.

(4) In his opening brief, Marvel argues that the Superior Court erred in applying Rule 12(b) to his motion and relying upon previous court decisions that did

---

[1] A motion to affirm is due within ten days of the service of the opening brief. Supr. Ct. R. 25(a). "Whenever a participant has the right to or is required to do some act or take some proceeding within a prescribed period after being served and service is made by mail or by eFiling, 3 days shall be added to the prescribed period." Supr. Ct. R. 11(c). According to the certificate of service, Marvel placed his opening brief and appendix in the mail at the James T. Vaughn Correctional Center on December 16, 2020. This Court received, and electronically docketed, the documents on December 28, 2020. The State filed the motion to affirm on January 11, 2021.

[2] *Marvel v. State*, 2007 WL 2713271 (Del. Sept. 18, 2007).

2

not address his constitutional claims. Marvel emphasizes that the Superior Court will consider an objection to an indictment based on failure to charge an offense "at any time during the pendency of the proceedings" under Rule 12(b)(2). But this Court previously rejected Marvel's claim that the indictment's failure to identify the time of the criminal solicitation or to identify a specific act of criminal solicitation violated his constitutional rights.[3] In rejecting this claim, the Court concluded that the indictment satisfied Rule 7(c) (which requires a plain written statement of the essential facts constituting the offense charged) and, in the absence of any evidence otherwise, put Marvel on notice of the charge against him and precluded subsequent prosecution for the same offense.[4] Marvel has not established any basis for the Court to reverse this ruling. The Superior Court did not err in denying Marvel's motion to dismiss the indictment.

(5) We note that this is Marvel's eleventh appeal in Criminal ID No. 0510007925.[5] And, as previously discussed, this is not Marvel's first time to

---

[3] *Marvel v. State*, 2008 WL 4151830, at *1 (Del. Sept. 10, 2008).
[4] *Id.* at *2.
[5] *See, e.g., Marvel v. State*, 2020 WL 1933966 (Del. Apr. 20, 2020) (granting the State's motion to affirm and affirming the Superior Court's denial of Marvel's motion for sentence modification); *Marvel v. State*, 2019 WL 1492582 (Del. Apr. 2, 2019) (granting the State's motion to affirm and affirming the Superior Court's denial of Marvel's motion for correction of illegal sentence); *Marvel v. State*, 2014 WL 2949362 (Del. June 26. 2014) (granting the State's motion to affirm and affirming the Superior Court's denial of Marvel's fourth motion for postconviction relief); *Marvel*, 2008 WL 4151830 (granting the State's motion to affirm and affirming the Superior Court's denial of Marvel's motion for postconviction relief).

challenge the indictment.  We warn Marvel that if he continues to file appeals from orders denying repetitive claims, he will be enjoined from filing future appeals without leave of the Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice