IN THE SUPREME COURT OF THE STATE OF DELAWARE

LARRY MARVEL, §
§ No. 485, 2022
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 0510007925 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: February 16, 2023
Decided: March 3, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Larry D. Marvel, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest in the face of Marvel's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2006, a Superior Court jury found Marvel guilty of second-degree criminal solicitation and second-degree conspiracy. The Superior Court granted the State's petition to declare Marvel a habitual offender under 11 *Del. C.* § 4214(a) and sentenced Marvel as follows: (i) for Criminal Solicitation in the Second Degree, as

a habitual offender under § 4214(a), to life imprisonment; and (ii) for Conspiracy in the Second Degree, to two years of imprisonment. This Court affirmed Marvel's convictions on direct appeal in 2007.[1] Since then, Marvel has filed multiple motions for postconviction relief or for correction or modification of his sentence,[2] including challenging the sufficiency of proof that Marvel qualified for habitual-offender sentencing.[3]

(3) In October 2022, Marvel filed yet another motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), again claiming that his habitual-offender sentence is illegal because the State presented insufficient

---

[1] *Marvel v. State*, 2007 WL 2713271 (Del. Sept. 18, 2007).

[2] *See, e.g.*, *Marvel v. State*, 2021 WL 566410 (Del. Feb. 15, 2021) (affirming denial of motion to dismiss the indictment and noting that "this is Marvel's eleventh appeal in Criminal ID No. 0510007925"); *Marvel v. State*, 2020 WL 1933966 (Del. Apr. 20, 2020) (affirming denial of request for sentence modification); *Marvel v. State*, 2019 WL 1492582 (Del. Apr. 2, 2019) (affirming denial of motion for correction of illegal sentence); *Marvel v. State*, 2018 WL 2437235 (Del. May 30, 2018) (affirming denial of motion for correction of illegal sentence); *Marvel v. State*, 2014 WL 2949362 (Del. June 26, 2014) (affirming denial of fourth motion for postconviction relief); *Marvel v. State*, 2013 WL 4542708 (Del. Aug. 23, 2013) (affirming denial of second motion for postconviction relief); *Marvel v. State*, 2008 WL 4151830 (Del. Sept. 10, 2008) (affirming denial of first motion for postconviction relief).

[3] *E.g.*, *Marvel v. State*, 2010 WL 3636193, at *1 (Del. Sept. 20, 2010) (affirming denial of motion for correction of illegal sentence and stating that "the State provided sufficient support for Marvel's status as a habitual offender and therefore his sentence is not illegal under Rule 35(a)"); *Marvel v. State*, 2009 WL 2158107, at *1 (Del. July 21, 2009) (affirming denial of motion for correction of illegal sentence and stating that Marvel's claim that "the State's motion to declare him a habitual offender was insufficient . . . to identify the predicate felonies" did not entitle him to relief under Rule 35(a) because it alleged "error only with respect to the habitual offender proceedings, which occurred prior to the imposition of sentence" and "[e]ven if viewed on the merits, Marvel's claim is unavailing, since, at the habitual offender hearing, he admitted to being convicted of at least three of the felonies for which he now claims the State presented inadequate proof").

evidence to establish Marvel's predicate felony convictions for sentencing under 11 *Del. C.* § 4214(a). The Superior Court denied the motion, and Marvel has appealed.

(4) We review the denial of a motion for correction of sentence for abuse of discretion.[4] To the extent the claim involves a question of law, we review the claim *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(5) The Superior Court did not err in denying Marvel's motion for correction of sentence. As the court recognized, Marvel's argument that the State did not sufficiently prove his predicate offenses has already been considered and rejected.[7] It is therefore barred by the "law of the case" doctrine.[8] It remains clear that Marvel's claim is without merit. At his sentencing, Marvel, through his counsel, initially indicated that he intended to challenge his eligibility for habitual-offender

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] Id.
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] *See, e.g.*, *Marvel*, 2009 WL 2158107, at *1 ("Even if viewed on the merits, Marvel's claim is unavailing, since, at the habitual offender hearing, he admitted to being convicted of at least three of the felonies for which he now claims the State presented inadequate proof.").
[8] *See Brittingham*, 705 A.2d at 579 ("The 'law of the case' doctrine is well established in Delaware. That doctrine bars relitigation, under Rule 35(a), of an 'illegal sentence' where that issue has been previously decided by this Court." (citations omitted)).

3

sentencing.[9]  After counsel and Marvel conferred further, Marvel admitted, through his counsel, that "there are the requisite offenses in the requisite chronological order."[10]  Marvel was given the opportunity to speak before he was sentenced and did not contradict his attorney's statements on his behalf.[11]  Marvel is bound by his lawyer's representations, and the Superior Court did not abuse its discretion by denying his motion for correction of sentence.[12]

(6)    We previously warned Marvel that if he continued to file appeals from orders denying repetitive claims, he would be enjoined from filing future appeals without leave of the Court.[13]  As discussed above, this is not the first time that he has challenged the predicate offenses.  We now conclude that Marvel's repetitive and frivolous filings constitute an abuse of the judicial process.  Thus, the Clerk of this Court is directed to refuse any future filings from Marvel related to Criminal ID No. 0510007925 unless the filing is accompanied by the required filing fee or a completed motion to proceed in forma pauperis with a sworn affidavit containing

---

[9] Appendix to Opening Brief, at A48-49 (Sentencing Transcript at 2:22-3:20).
[10] *Id.* at A49-50 (Sentencing Transcript at 3:19-4:11).
[11] *Id.* at A53 (Sentencing Transcript at 7:12-7:14).
[12] *See Durham v. State*, 2018 WL 3246188 (Del. July 3, 2018) (rejecting claim that sentence was illegal because the State failed to offer sufficient proof that Durham had three predicate felony convictions and stating: "At his sentencing, Durham admitted, through his counsel, that he had three qualifying predicate felonies and was eligible for sentencing as a habitual offender.  Durham was given the opportunity to speak before he was sentenced and did not contradict his attorney's statements on his behalf.  Durham is bound by his lawyer's representations.").
[13] *Marvel*, 2021 WL 566410, at *2.

the certifications required by 10 *Del. C.* § 8803(e) and that motion is first granted by the Court.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

5